IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Ernest Lee Readon, ) | |
| ) | C.A. No. 9:19-02483-HMH-BM |
| Petitioner, ) | |
| ) | **OPINION & ORDER** |
| vs. ) | |
| ) | |
| Lavern Cohen, Warden, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Ernest Lee Readon ("Readon"), a pro se state prisoner, seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. In his Report and Recommendation filed on October 24, 2019, Magistrate Judge Marchant recommends dismissing Readon's petition without prejudice and without requiring the Respondent to file a return because Readon has not fully exhausted his state court remedies with respect to his convictions and sentences or his request for bail.

Readon filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that Readon's objections are non-specific, unrelated to the dispositive portions of the Report and Recommendation, or merely restate his claims. Accordingly, after review, the court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.

Additionally, Readon requests a stay of his § 2241 petition pending the exhaustion of state remedies, pursuant to Rhines v. Weber.  544 U.S. 269 (2005).  Under Rhines, a district court may stay a habeas petition only "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court."  Id. at 277-79.  Readon has not presented any arguments to support a finding of good cause.  Moreover, based on a review of the record, the court finds no good cause for Readon's failure to first exhaust state remedies. Thus, the court declines to stay Readon's § 2241 petition.

Therefore, it is

**ORDERED** that Readon's petition, docket number 1, is dismissed without prejudice and without requiring the Respondent to file a return. It is further

**ORDERED** that a certificate of appealability is denied because Readon has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.<br>Senior United States District Judge

Greenville, South Carolina
November 25, 2019

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure

---

[2] District courts must issue certificates of appealability when entering "a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Cases. These rules may be applied to other types of habeas corpus petitions. Rule 1(b), Rules Governing § 2254 Cases.